UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-61978-CIV-COHN/SELTZER

CHRISTOPHER WALKER, M.D.,

Plaintiff,

vs.

HALLMARK BANK & TRUST, LTD., et al.,

Defendants.

_____/

## ORDER GRANTING DEFENDANT MASTERCARD
## INTERNATIONAL, LLC'S MOTION TO DISMISS

**THIS CAUSE** is before the Court on the Motion to Dismiss the Complaint [DE 15]

filed by Defendant MasterCard International, LLC ("MasterCard").[1]  The Court has

considered the Motion, Plaintiff's Response [DE 19], MasterCard's Reply [DE 24], the

record in this case, and is otherwise advised in the premises.

### I. BACKGROUND

Plaintiff alleges that he was the victim of a Ponzi scheme which was operated

out of the Turks and Caicos Islands. The Complaint asserts causes of action under

Florida law for civil RICO violations, fraudulent conveyance, civil conspiracy, fraudulent

misrepresentation, breach of contract, unjust enrichment and accounting.

A company named Overseas Locket International Corporation ("OLINT") is at the

---

[1]     The Complaint also names "MasterCard Worldwide" as a defendant.
However, the Motion to Dismiss states that "no such corporate entity exists.  Instead,
the name 'MasterCard Worldwide' is a name under which MasterCard International
Incorporated and defendant MasterCard International, LLC, do business. Although
MasterCard International Incorporated has not been served with process and is not a
named defendant, the arguments made in this motion would also apply to it." DE 15 at
1 n.2.  Plaintiff does not contest the foregoing representations.

center of this alleged Ponzi scheme. The Complaint alleges that it was "falsely

represented and warranted that Plaintiff's investment would be used for foreign

currency exchange trading," however, "OLINT's principals . . . have absconded with

Plaintiff's funds and/or transferred them into affiliated entities or to affiliated parties . . .

for personal gain and/or with the intent to hinder, delay or defraud Plaintiff's efforts to

recover his funds." Complaint ¶ 56.II. The Complaint names as Defendants a number

of these "affiliated entities" including Hallmark Bank & Trust Ltd. ("Hallmark"),

MasterCard, and the Turks and Caicos Island Investment Agency.

MasterCard moved to dismiss all counts raised against it in the Complaint based

on the following argument:

> [T]he only allegations involving MasterCard establish that MasterCard
> (and payment cards bearing the MasterCard logo) had no connection
> whatsoever to the supposed scheme. Nevertheless, and without any legal
> basis, the plaintiff sues MasterCard simply because defendant [Hallmark],
> . . . like many other banks, issues MasterCard-branded payment cards to
> consumers, is alleged to have been part of the purported foreign currency
> trading scheme.

DE 15 at 1 (emphasis in original).

## II. LEGAL STANDARD

In order to state a claim, Federal Rule of Civil Procedure 8(a)(2) requires "a short

plain statement of the claim showing that the pleader is entitled to relief," so as to "give

the defendant fair notice of what the claim is and the grounds upon which it rests."

Conley v. Gibson, 355 U.S. 41, 47 (1957). "While a complaint attacked by a Rule

12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's

obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than

labels and conclusions, and a formulaic recitation of the elements of a cause of action

2

will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007) (citations omitted).

At this stage in the litigation, the Court must consider the allegations in the Complaint as true, and accept all reasonable inferences therefrom. Jackson v. Okaloosa County, Fla., 21 F.3d 1531, 1534 (11th Cir. 1994). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). In addition, the Court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall County Bd. of Educ. v. Marshall County Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

## III. DISCUSSION

### 1. The Complaint

The Complaint alleges that Defendant Hallmark "offers MasterCard card products and conspicuously displays the MasterCard logo, and proudly proclaims their alliance with MasterCard." Complaint ¶ 19. Plaintiff claims that he was "encouraged to invest [in OLINT] because Defendant[ ] MasterCard endorsed Defendant Hallmark's business by partnering with them to offer card products." Id. ¶ 25. According to the Complaint, "MasterCard's reputation created a situation that made Hallmark appear to be a strong and legitimate banking institution, which further induced multiple investors, including Plaintiff, to feel more secure about investing with OLINT." Id. Based on the

3

foregoing allegations, the Complaint asserts that MasterCard was "a third-party

beneficiary to Hallmark's involvement with OLINT and Smith's fraudulent activities." Id.

¶ 26.[2]

## 2. **MasterCard's Motion to Dismiss**

The Motion to Dismiss argues that "neither MasterCard nor MasterCard-branded

payment cards . . . had anything to do with the purported FOREX trading scheme" and

the Complaint lacks allegations that "connect MasterCard to the purported FOREX

trading scheme." DE 15 at 3-4. The Motion to Dismiss then goes through each

particular count raised against MasterCard to demonstrate that the allegations set forth

above fail to meet the requisite elements of each respective claim brought against

MasterCard.

Plaintiff's Response largely fails to address the specific arguments raised by

MasterCard. Instead, a good deal of the Response discusses the alleged fraudulent

activities of other Defendants. The extent of MasterCard's alleged connection to the

fraudulent Ponzi scheme, as described in the Response, is as follows:

- "MasterCard was centrally involved in the OLINT scheme . . . because payment cards bearing the MasterCard logo known as 'Compass Cards' were used to make payments under the investment scheme . . . ." DE 19 at 1-2.

- Plaintiff "considered that a Fortune 500 company with a strong reputation of MasterCard would only be associated with a legitimate banking institution and a viable hedge fund." DE 19 at 3.

---

[2] Defendant David Smith is allegedly "the principal of OLINT and a partial owner and principal of Hallmark." Complaint ¶ 6.

- "The MasterCard payments literally lubricated the movement of the Ponzi money into the American Banking System without any appearance of odd movement of money. The Ponzi participants could receive, by option, a Ponzi payout through MasterCard without having to record a deposit to their personal savings or checking accounts." DE 19 at 4-5.

The Response acknowledges that the agreement Plaintiff entered into with Defendant

OLINT "does not mention MasterCard or MasterCard payment cards, however;

MasterCard was the method through which payments were made to the investors

pursuant to the agreement." Id. at 3.

Plaintiff argues that it is "obvious that MasterCard's racketeering activity, through

the extent that it sustained the Ponzi scheme, was a proximate cause of the harm that

Dr. Walker suffered." Id. at 5. Plaintiff continues that MasterCard was a "significant

and an essential part" of the alleged scheme because the "money for the Ponzi scheme

could not be paid out without MasterCard" and thus the scheme "could not exist without

MasterCard's participation." Id.

In Reply, MasterCard argues that "the Motion seeks dismissal with prejudice of

the Complaint as against MasterCard because (1) the Complaint does not allege facts

supporting any claim against MasterCard and (2) as a matter of law, the Complaint's

'theory' of liability with respect to MasterCard cannot state a claim." DE 24 at 2. The

Reply then states the following:

> Significantly, the Response only addresses the civil racketeering claims –
> it does not even attempt to rebut the arguments in the Motion for
> dismissal of every other claim. And with respect to the civil racketeering
> claims, rather than meaningfully addressing any of the Complaint's
> shortcomings, the Response relies on more conclusory statements and
> unsupported and incorrect argument.

Id. at 2-3.[3]

## 3.    **Legal Analysis**

There are no allegations in the Complaint that MasterCard had any knowledge of the Ponzi scheme nor that MasterCard made any affirmative misrepresentations to further the alleged fraud.  Plaintiff can only allege that MasterCard is "still affiliated with Hallmark despite their business practices and Hallmark is still using the MasterCard name and reputation to gain clients."  Complaint ¶ 27.  Plaintiff, however, does not allege that the scheme is ongoing.  Moreover, the Complaint lacks any allegations that would support an inference that MasterCard had any knowledge of the fraudulent activities before one of OLINT's principals was arrested in connection with the Ponzi scheme alleged in the Complaint.

In essence, Plaintiff is arguing that MasterCard has a legal duty to conduct due diligence into the operations of any financial institution that utilizes MasterCard payment cards without citing any legal basis for such a duty.  Nor does Plaintiff allege that MasterCard ever made any statement that would allow for a reasonable assumption that MasterCard had undertaken such a duty or otherwise insured Plaintiff against the risk of the fraud he now sues upon.[4]

---

[3]      For example, the Reply points out that Plaintiff does not address MasterCard's argument that the Complaint does not satisfy the "enterprise" element of a racketeering claim. See DE 24 at 6.

[4]      The Reply argues that "[r]epresentations by parties other than MasterCard of their relationship with MasterCard cannot bind MasterCard as a principal under any agency theory." DE 24 at 8 (citing Mobil Oil Corp. v. Bransford, 648 So. 2d 119, 121 (Fla. 1995); Banco Cont'l, S.A. v. Transcom Bank (Barbados), LTD., 922 So. 2d 395, 400 (Fla. 3d DCA 2006); Port Largo Club, Inc. v. Warren, 476 So. 2d 1330, 1333 (Fla. 3d DCA 1985)). In addition, MasterCard argues that the Complaint lacks factual

Courts have routinely dismissed claims similar to those Plaintiff raises against

MasterCard.  For example, Plaintiff's allegations are analogous to those rejected in In re

MasterCard Int'l Internet Gambling Litig., 313 F.3d 257 (5th Cir. 2002) ("In re

MasterCard").  There, the Fifth Circuit affirmed dismissal of a RICO class action against

credit card companies and issuing banks arguing that they aided and abetted illegal

internet gambling.  The plaintiffs in that action argued that "[t]he availability of credit and

the ability to gamble are inseparable," id. at 260, which is similar to Plaintiff Walker's

contention that "[t]he money for the Ponzi scheme could not be paid out without

MasterCard."  DE 19 at 5.

> The plaintiffs in In re MasterCard based their claims on the following reasoning:
>
> The credit card companies facilitate the enterprise, they say, by
> authorizing the casinos to accept credit cards, by making credit available
> to gamblers, by encouraging the use of that credit through the placement
> of their logos on the websites, and by processing the 'gambling debts'
> resulting from the extension of credit.  The banks that issued the
> gamblers' credit cards participate in the enterprise, they say, by collecting
> those 'gambling debts.'

In re MasterCard, 313 F.3d at 260.  The claims against MasterCard in this case suffer

from one of the same defects cited by the Fifth Circuit in that Plaintiff "cannot show that

[MasterCard] made a false or fraudulent misrepresentation."  In re MasterCard, 313

F.3d at 263.

Likewise, Judge Gold dismissed a RICO cause of action, as well as claims for

breach of contract and fraudulent transfer, against a bank which was alleged to have an

"extensive relationship" with a third party fraud artist.  See Super Vision Int'l, Inc. v.

---

allegations that would establish any apparent agency relationship sufficient to bind
MasterCard.  See id.  (citing Mobil Oli Corp., 648 So. 2d at 121).

Mega Int'l Commer. Bank Co., 534 F. Supp. 2d 1326 (S.D. Fla. 2008). There, the plaintiff alleged that the defendant bank "participated in scheme to defraud Plaintiff . . . by enabling [the third party] to use [the bank's] facilities and services as an instrumentality of that scheme." Id. at 1333. Further, the plaintiff alleged that the bank "allegedly knew or should have known . . . that [the third party] intended to establish a shell game, and [the bank] continued to permit this shell game." Id.

Judge Gold dismissed the RICO claims because, similar to the case at bar, the plaintiff did not allege "sufficient facts to show that [the bank] participated in the operation or management of the alleged" fraudulent enterprise. Id. 1338. In support of this holding, the opinion quotes the Eighth Circuit for the proposition that "[b]ankers do not become racketeers by acting like bankers." Terry A. Lambert Plumbing, Inc. v. W. Sec. Bank, 934 F.2d 976, 981 (8th Cir. 1991); see also Republic of Panama v. BCCI Holdings (Luxembourg) S.A., 119 F.3d 935, 950 (11th Cir. 1997) (noting policy concerns in holding banks liable for knowing the source of transferred funds).

In addition, Judge Gold dismissed the plaintiff's Florida state law claims for fraudulent transfer because "there is no cause of action . . . against a party who assists or aid and abets a fraudulent transfer, where that party does not come into possession of the property." Super Vison, 534 F. Supp. 2d at 1344. Similar to the allegations against MasterCard, the plaintiff in Super Vision did not "allege that [the bank] was the intended recipient of the transferred funds" nor did the plaintiff allege that the bank actually controlled the funds at issue. Id. (citing In re Chase & Sanborn Corp., 848 F.2d 1196, 1200 (11th Cir. 1988) (stating that where defendants "simply held the property as

agents or conduits for one of the real parties to the transaction" and "defendants never actually controlled the funds and therefore it would be inequitable to allow recovery against them.") (emphasis in original).[5]

Moreover, Plaintiff has failed to comply with the Federal Rules of Civil Procedure and the Local Rules of this Court. First, the Complaint falls far short of the stanard set forth in Rule 9(b) which states that "[i]n alleging fraud . . ., a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The Eleventh Circuit has found that in order to satisfy the requirements of Rule 9(b), a plaintiff alleging fraud, or a claim involving fraud such as RICO, must allege the following:

(1) the precise statements, documents, or misrepresentations made; (2) the time and place of and person responsible for the statement; (3) the content and manner in which the statements misled the Plaintiffs; and (4) what the Defendants gained by the alleged fraud.

Ambrosia Coal & Const. Co. v. Pages Morales, 482 F.3d 1309, 1316-17 (11th Cir. 2007) (per curiam). Second, Plaintiff has failed to file a Civil Rico Case Statement as required by Rule 12.1 of the Local Rules of the United States District Court for the Southern District of Florida.

Based on the current record, including Plaintiff's Response to the Motion to Dismiss, the Court does not see any way that the Complaint could be amended to state a claim against MasterCard. Accordingly, the Court finds that amendment would be futile and the Complaint will be dismissed with prejudice with respect to MasterCard.

---

[5]     The Florida Supreme Court has held that there is no language in Florida's Uniform Fraudulent Transfer Act to "suggest[ ] the creation of a distinct cause of action for aiding-abetting claims against non-transferees." Freeman v. First Union Nat'l Bank, 865 So. 2d 1272, 1276 (Fla. 2004) (dismissing action against bank for allegedly aiding and abetting a Ponzi scheme).

9

See <u>Bryant v. Dupree</u>, 252 F.3d 1161, 1163 (11th Cir. 2001) (stating that a district court need not allow amendment "where amendment would be futile").  Plaintiff is free to file a Motion for Reconsideration to raise, in good faith, any potential arguments that would support a basis to replead.  At this time, however, the Court will not require MasterCard to expend additional resources moving to dismiss an amended complaint.

### IV. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1.    MasterCard's Motion to Dismiss the Complaint [DE 15] is **GRANTED**.

2.    All claims in Plaintiff's Complaint raised against MasterCard International, LLC and MasterCard Worldwide are **DISMISSED with prejudice**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 27th day of March, 2010.

James I. Cohn

**JAMES I. COHN**
**United States District Judge**

Copies provided to:

Counsel of record via CM/ECF

10