UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-61978-CIV-COHN/SELTZER

CHRISTOPHER WALKER, M.D.,

    Plaintiff,

vs.

HALLMARK BANK & TRUST, LTD., et al.,

    Defendants.
_____/

### ORDER DENYING MOTIONS FOR SANCTIONS

**THIS CAUSE** is before the Court on the Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 and Fla. Stat. § 57.105 [DE 27] and the Motion for a Determination of Entitlement to Attorneys' Fees and Costs Pursuant to Fla. Stat. § 772.104 [DE 28], both filed by Defendant Turks and Caicos Islands Investment Agency ("TCIIA"), as well as the Motion for Sanctions and Fees [29] filed by Defendant Brian Trowbridge. The Court has considered the Motions, the parties' related submissions, the record in this case and is otherwise advised in the premises.

"Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." Operating Eng'rs Pension Trust v. A-C Co., 859 F.2d 1336, 1344 (9th Cir. 1988). Sanctions are appropriate under Rule 11 of the Federal Rules of Civil Procedure where a party demonstrates that an opposing party's claims have no "reasonable factual basis." Baker v. Alderman, 158 F.3d 516, 524 (11th Cir. 1998).

> Rule 11 sanctions are warranted when a party files a pleading that (1) has no reasonable factual basis; (2) is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) is filed in bad faith

> for an improper purpose. Although sanctions are warranted when the claimant exhibits a "deliberate indifference to obvious facts," they are not warranted when the claimant's evidence is merely weak but appears sufficient, after a reasonable inquiry, to support a claim under existing law.

Id. (citations omitted). "Rule 11 sanctions are designed to 'discourage dilatory or abusive tactics and help to streamline the litigation process by lessening frivolous claims or defenses.'" Donaldson v. Clark, 819 F.2d 1551, 1556 (11th Cir. 1987) (*en banc*) (quoting Pin v. Texaco, Inc., 793 F.2d 1448, 1455 (5th Cir. 1986)). Sanctions "may be imposed for the purpose of deterrence, compensation and punishment." Aetna Ins. Co. v. Meeker, 953 F.2d 1328, 1334 (11th Cir. 1992).

The Court will deny the Motions for Sanctions for two reasons. First, Plaintiff voluntarily dismissed the two Defendants which have filed the instant Motions. See DE 25. Second, it appears that Plaintiff was the victim of a Ponzi scheme leading to the loss of a significant amount of money and his counsel is aggressively seeking to recoup some of his client's investment. That said, the Plaintiff is advised the Court will not hesitate to impose sanctions should Plaintiff file any frivolous pleadings in this action, including the imposition of any attorney's fees and costs incurred responding to such pleadings. Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Defendant TCIIA's Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 and Fla. Stat. § 57.105 [DE 27] is **DENIED**.

2. Defendant TCIIA's Motion for a Determination of Entitlement to Attorneys' Fees and Costs Pursuant to Fla. Stat. § 772.104 [DE 28] is **DENIED**.

3. Defendant Brian Trowbridge's Motion for Sanctions and Fees [29] is

**DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 27th day of March, 2010.

_____
JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record via CM/ECF