UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-61978-CIV-COHN/SELTZER

CHRISTOPHER WALKER, M.D.,

        Plaintiff,

vs.

HALLMARK BANK & TRUST, LTD., et al.,

        Defendants.
_____/

## ORDER GRANTING DEFENDANT HALLMARK BANK & TRUST, LTD.'S MOTION TO DISMISS

**THIS CAUSE** is before the Court on the Motion to Dismiss [DE 16-1] filed by Defendant Hallmark Bank & Trust, Ltd. ("Hallmark"). The Court has considered the Motion, Plaintiff's Response [DE 22], Hallmark's Reply [DE 26], the record in this case, and is otherwise advised in the premises.

### I. BACKGROUND

Plaintiff alleges that he was the victim of a Ponzi scheme which was operated out of the Turks and Caicos Islands. The Complaint asserts causes of action under Florida law for civil RICO violations, fraudulent conveyance, civil conspiracy, fraudulent misrepresentation, breach of contract, unjust enrichment and accounting.

A company named Overseas Locket International Corporation ("OLINT") is at the center of this alleged Ponzi scheme. The Complaint alleges that it was "falsely represented and warranted that Plaintiff's investment would be used for foreign currency exchange trading," however, "OLINT's principals . . . have absconded with Plaintiff's funds and/or transferred them into affiliated entities or to affiliated parties, including Hallmark, among others for personal gain and/or with the intent to hinder,

delay or defraud Plaintiff's efforts to recover his funds." Complaint ¶ 56.II. The Complaint names as Defendants a number of these "affiliated entities" including Hallmark, MasterCard International, LLC, and the Turks and Caicos Island Investment Agency.

Plaintiff's claims arise out of the Private Club Member Agreement ("Operating Agreement") he entered into with Hallmark and OLINT. The Complaint alleges that pursuant to the Operating Agreement, "Hallmark agreed to operate as a conduit to funnel money from investors into an 'investment club,' in this case OLINT. Essentially investors [including Plaintiff] would remit funds to Hallmark at which time Hallmark would remit funds to OLINT." Complaint ¶ 21.

The Operating Agreement contains the following provision:

> This Agreement shall be governed by the Laws of the Turks and Caicos Islands and [Plaintiff] consents to the exclusive jurisdiction of the Supreme Court of the Turks and Caicos Islands on all matters regarding it except to the extent that [Hallmark] invokes the jurisdiction of the courts of any other country.

Operating Agreement ¶ 10. Hallmark's Motion argues, *inter alia*, that the forum selection clause above is mandatory and requires dismissal of Plaintiff's claims against Hallmark.[1]

---

[1] Plaintiff does not argue that the forum selection clause is permissive rather than mandatory. In any event, the Court finds that it is mandatory based on the use of the terms "shall" and "exclusive." See Snapper, Inc. v. Redan, 171 F.3d 1249, 1262 n.24 (11th Cir. 1999) (stating that a selection clause is mandatory when "it dictates an exclusive forum for litigation under the contract"). Further, the explicit exception carved out for Hallmark only reinforces the Court's interpretation that, in all other instances, the exclusive forum is the Supreme Court of the Turks and Caicos Islands.

## II. DISCUSSION

1. **Legal Standard**

Hallmark's Motion to Dismiss pursuant the Operating Agreement's forum selection clause is cognizable as a motion to dismiss for improper venue under Rule 12(b)(3) of the Federal Rules of Civil Procedure. Lipcon v. Underwriters at Lloyd's, London, 148 F.3d 1285, 1290 (11th Cir. 1998). When a valid forum selection clause exists, the party seeking to defeat the agreed upon venue "bears the burden of persuading the court that the contractual forum is sufficiently inconvenient to justify retention of the dispute." In re Ricoh Corp., 870 F.2d 570, 573 (11th Cir. 1989). Forum selection clauses are presumptively valid, and the burden of proving their unreasonableness is a heavy one. Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 595 (1991). A forum selection clause may be found unreasonable only where: 1) incorporation of the clause was the product of fraud or overreaching; 2) a party will "for all practical purposes be deprived of his day in court" because of inconvenience or unfairness of the selected forum; 3) the unfairness of the chosen law will deprive the plaintiff of a remedy; or 4) enforcement of the clause would contravene a strong public policy of the forum state. Id.; accord P & S Bus. Machs., Inc. v. Canon USA, Inc., 331 F.3d 804, 807-08 (11th Cir. 2003) (rejecting argument that financial difficulty of party in litigating in selected forum or congestion of docket in selected forum are sufficient grounds for refusal to enforce a clause).

In considering a motion under Rule 12(b)(3), a court must accept the facts in a plaintiff's complaint as true. Wai v. Rainbow Holdings, 315 F. Supp. 2d 1261, 1268 (S.D. Fla. 2004). A court may also "consider matters outside the pleadings if presented

in proper form by the parties." MGC Commc'ns, Inc. v. BellSouth Telecomms., Inc., 146 F. Supp. 2d 1344, 1349 (S.D. Fla. 2001). Where conflicts exist between allegations in the complaint and evidence outside the pleadings, the court "must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff." Wai, 315 F. Supp. 2d at 1268.

2. **Allegations of Fraud**

A forum selection clause, as mentioned above, may be held to be unenforceable if it is the product of fraud. This exception for fraud, however, "does not mean that any time a dispute arising out of a transaction is based upon an allegation of fraud . . . the clause in the contract was the product of fraud or coercion." Scherk v. Alberto-Culver Co., 417 U.S. 506, 519 n.14 (1974). "Rather, it means that an arbitration or forum-selection clause in a contract is not enforceable if the inclusion of that clause in the contract was the product of fraud or coercion." Id. Therefore, the fraud must be specific to a forum selection clause in order to invalidate it.

Plaintiff has presented no argument, much less evidence, that the forum selection clause contained in the Operating Agreement is the product of fraud. Instead, Plaintiff argues the following:

> At the time that [Plaintiff] signed the Operating Agreement he was not aware that at a later date the entire OLINT operation would be declared a Ponzi scheme . . . . It would be unreasonable or unjust to apply this provision against [Plaintiff] as the very essence of the contract and the fundamental nature of what the contract concerned was misrepresented.

DE 22 at 2. Contrary to Plaintiff's position, a mere allegation of fraudulent activities on the part of Defendants pertaining to the subsequent misappropriation of Plaintiff's investment is not sufficient to invalidate the forum selection clause. See, e.g., Lipcon,

148 F.3d at 1296 ("By requiring the plaintiff specifically to allege that the choice clause itself was included in the contract due to fraud in order to succeed in a claim that the choice clause is unenforceable, courts may ensure that more general claims of fraud will be litigated <u>in the chosen forum</u>, in accordance with the contractual expectations of the parties.") (emphasis in original); <u>Mercury West A.G., Inc. v. R.J. Reynolds Tobacco Co.</u>, 2004 WL 421793, at *4 (S.D.N.Y. Mar.5, 2004) ("in order to invalidate the forum selection clause, the clause itself would have to have been the product of fraud"); <u>Giordano v. Witzer</u>, 558 F. Supp. 1261, 1264 (E.D. Pa. 1983) (charge of fraud in the inducement of the agreement of sale is insufficient to invalidate the forum selection clause).[2] Accordingly, the Court will dismiss Plaintiff's claims against Hallmark based on the exclusive forum selection clause in the Operation Agreement and, therefore, need not reach the remaining arguments contained in Hallmark's Motion to Dismiss.

### 3. **The Complaint is Dismissed in Its Entirety**

On February 2, 2010, after receiving Notices of Voluntary Dismissal, the Court entered an Order Dismissing Defendants Turks & Caicos Islands Investment Agency and Brian Trowbridge without Prejudice. In addition, the Court dismissed MasterCard International, LLC and MasterCard Worldwide with prejudice after granting a motion to

---

[2] The same holds true under Florida law. <u>See, e.g.</u>, <u>Golden Palm Hospitality, Inc. v. Stearns Bank Nat'l Ass'n</u>, 874 So. 2d 1231, 1235 (Fla. 5th DCA 2004) ("When it claims that a forum selection clause is invalid based on fraud, the party must show that the clause itself is the product of the fraud or that the fraud caused the inclusion of the clause in the agreement."); <u>Holder v. Burger King Corp.</u>, 576 So. 2d 973, 974 (Fla. 2d DCA 1991) ("Absent proof that the forum selection clause is the product of fraud the parties should litigate all claims, including fraud claims, in the agreed on forum.").

dismiss.

The remaining Defendants, therefore, consist of the following individuals and entities: Hallmark, Wayne Smith, David Smith, OLINT, and Michael Misick. All of the foregoing Defendants, with the exception of Michael Misick, are either parties to the Operating Agreement, or principals of such parties.[3] Accordingly, these Defendants will be dismissed without prejudice to refile Plaintiff's claims against these Defendants in the appropriate forum.

The Complaint alleges that Mr. Misick is the former Premier of the Turks and Caicos Islands. Misick's alleged connection to the Ponzi scheme is that "Misick encouraged investors, some based in Florida, to invest in companies located in, and within the islands of the Turks and Caicos. In addition, Misick did nothing to discourage investors from investing in OLINT and Hallmark before or after their fraudulent behavior and business practices came to light." Complaint ¶ 29.

The Court will *sua sponte* dismiss the claims against Mr. Misick for several reasons. First, there is nothing on record to establish that Mr. Misick was served with the Complaint. Second, Mr. Misick is protected from Plaintiff's claims by head-of-state immunity. See United States v. Noriega, 117 F.3d 1206, 1212 (11th Cir. 1997); In re Doe, 860 F.2d 40, 45 (2d Cir. 1988). The allegations against Mr. Misick, i.e., actively encouraging investment in the Turks and Caicos Islands, cannot be characterized as

---

[3] David Smith signed the Operating Agreement on behalf of OLINT. Further, Wayne Smith is a foreign citizen who is alleged to have been responsible for OLINT's business operations in Jamaica. The only allegations of Wayne Smith's contacts with Florida relate to OLINT's contacts with the state. Therefore, there is no basis for personal jurisdiction over Wayne Smith.

private or criminal acts which would waive immunity.[4]  Finally, even assuming no immunity applies, the allegations against Mr. Misick fail to state a claim on which relief may be granted.

### III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Hallmark's Motion to Dismiss [DE 16-1] is **GRANTED** based on the exclusive forum selection clause contained in the Operating Agreement.
2. Plaintiff's Complaint is **DISMISSED without prejudice** to file in the appropriate forum.
3. Plaintiff's claims against Michael Misick are **DISMISSED with prejudice**.
4. In light of previous Orders by this Court, this case is **CLOSED** and any pending motions are **DENIED as moot**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 27th day of March, 2010.

JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record via CM/ECF

---

[4] The Complaint discusses political corruption which ultimately led to Misick resigning from his position. See Complaint ¶ 30. The Complaint, however, does not provide any support for an inference that this corruption was linked to the Ponzi scheme at the center of Plaintiff's claims.