UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-61978-CIV-COHN/SELTZER

CHRISTOPHER WALKER, M.D.,

        Plaintiff,

vs.

HALLMARK BANK & TRUST, LTD., et al.,

        Defendants.
_____/

## ORDER DENYING MOTIONS FOR RECONSIDERATION

**THIS CAUSE** is before the Court on Defendant Turks & Caicos Islands Investment Agency's Motion for Reconsideration [DE 42] and Defendant Brian Trowbridge's Motion for Reconsideration [DE 46] (together, "Motions"). The Motions request that the Court reconsider its Order Denying Sanctions [DE 40] ("Challenged Order"). The Court has carefully considered the Motions, the record in this case and is otherwise advised in the premises.

### I. BACKGROUND

Plaintiff alleged that he was the victim of a Ponzi scheme which was operated out of the Turks and Caicos Islands. The Complaint asserted causes of action under Florida law for civil RICO violations, fraudulent conveyance, civil conspiracy, fraudulent misrepresentation, breach of contract, unjust enrichment and accounting. Plaintiff alleged that he "suffered losses of approximately $2.4 million due to the misconduct of Defendants." Complaint ¶ 49.

A company named Overseas Locket International Corporation ("OLINT") is at the center of this alleged Ponzi scheme. Plaintiff's claims arose out of the Private Club

Member Agreement ("Operating Agreement") he entered into with Hallmark Bank & Trust, Ltd. ("Hallmark") and OLINT.  The Complaint alleges that pursuant to the Operating Agreement, "Hallmark agreed to operate as a conduit to funnel money from investors into an 'investment club,' in this case OLINT.  Essentially investors [including Plaintiff] would remit funds to Hallmark at which time Hallmark would remit funds to OLINT."  Id. ¶ 21.

According to the Complaint, it was "falsely represented and warranted that Plaintiff's investment would be used for foreign currency exchange trading," however, "OLINT's principals . . . have absconded with Plaintiff's funds and/or transferred them into affiliated entities or to affiliated parties, including Hallmark, among others for personal gain and/or with the intent to hinder, delay or defraud Plaintiff's efforts to recover his funds."  Id. ¶ 56.II.  The Complaint named as Defendants a number of these "affiliated entities" including Hallmark, MasterCard International, LLC, and the Turks and Caicos Island Investment Agency ("TCIIA").

TCIIA moved to dismiss the claims brought against it raising three procedural grounds: "(1) because TCIIA, as an agency of the Turks & Caicos government, is immune from suit under the Foreign Sovereign Immunities Act ('FSIA'); (2) because this Court lacks personal jurisdiction over TCIIA; and (3) because Florida is not a convenient forum and dismissal is warranted based upon *forum non conveniens*."  DE 13 at 1.  Likewise, Mr. Trowbridge moved to dismiss the action arguing that it was procedurally barred.  Specifically, Mr. Trowbridge argued that (1) venue is improper in this Court because the Supreme Court of the Turks and Caicos Islands has exclusive jurisdiction over Plaintiff's claims; (2) the summons issued to Trowbridge is void; and (3)

this Court lacks personal jurisdiction over Trowbridge. See DE 16-2 at 1-2. In addition, Mr. Trowbridge argued that Plaintiff failed to plead any cause of action against Trowbridge. See id. at 3.

Before the Court ruled on the motions to dismiss filed by TCIIA and Trowbridge, Plaintiff voluntarily dismissed both parties. See DE's 20 & 21. Thereafter, the Court granted motions to dismiss filed by the remaining defendants and Plaintiff's Complaint was dismissed. Certain claims in the Complaint were dismissed with prejudice while other claims, barred in this Court by procedural grounds, were dismissed without prejudice. See DE's 39 & 41.

TCIIA and Trowbridge moved for sanctions. The Court denied both motions in a single order and the instant motions for reconsideration followed. For the reasons discussed below, the motions for reconsideration will be denied.

## II. ANALYSIS

### 1. The Motions for Sanctions

TCIIA and Mr. Trowbridge each set forth three bases for sanctions in their respective motions: Rule 11, Fla. Stat. § 57.105 and Fla. Stat. § 772.104. The applicable standards for each is set forth below.

"Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." Operating Eng'rs Pension Trust v. A-C Co., 859 F.2d 1336, 1344 (9th Cir. 1988). Sanctions are appropriate under Rule 11 of the Federal Rules of Civil Procedure where a party demonstrates that an opposing party's claims have no "reasonable factual basis." Baker v. Alderman, 158 F.3d 516, 524 (11th Cir. 1998).

> Rule 11 sanctions are warranted when a party files a pleading that (1) has no reasonable factual basis; (2) is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) is filed in bad faith for an improper purpose. Although sanctions are warranted when the claimant exhibits a "deliberate indifference to obvious facts," they are not warranted when the claimant's evidence is merely weak but appears sufficient, after a reasonable inquiry, to support a claim under existing law.

Id. (citations omitted). "Rule 11 sanctions are designed to 'discourage dilatory or abusive tactics and help to streamline the litigation process by lessening frivolous claims or defenses.'" Donaldson v. Clark, 819 F.2d 1551, 1556 (11th Cir. 1987) (*en banc*) (quoting Pin v. Texaco, Inc., 793 F.2d 1448, 1455 (5th Cir. 1986)). Sanctions "may be imposed for the purpose of deterrence, compensation and punishment." Aetna Ins. Co. v. Meeker, 953 F.2d 1328, 1334 (11th Cir. 1992).

> In pertinent part, Section 57.105, Florida Statutes, provides as follows:
>
> Upon the court's initiative or motion of any party, the court shall award a reasonable attorney's fee to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:
>
> (a) Was not supported by the material facts necessary to establish the claim or defense; or
>
> (b) Would not be supported by the application of then-existing law to those material facts.

Fla. Stat. § 57.105. "Attorney's fees pursuant to Florida Statute § 57.105 may be awarded to the prevailing party in a suit brought in federal court." BankAtlantic v. Blythe Eastman Paine Webber, Inc., 955 F.2d 1467, 1478 n.11 (11th Cir. 1992) (citing Capital Factors, Inc. v. Heller Fin., Inc., 712 F.Supp. 908, 914 (S.D. Fla. 1989)).

4

A successful defendant in a civil RICO action can recover fees when the RICO claim is "without substantial fact or legal support." Foreman v. E.F. Hutton & Co., 568 So. 2d 531, 532 (Fla. Dist. Ct. App. 3d Dist. 1990) (affirming fees under section 772.104 when the case was disposed of on the pleadings alone); see also Remova Pool Fence Co. v. Roth, 647 So. 2d 1022, 1025 (Fla. Dist. Ct. App. 4th Dist. 1994) (noting that the standard for awarding fees under sections 772.104 and 895.05(7) is "slightly less stringent" than the "bad faith" standard of section 57.105).

### 2. The Instant Motions for Reconsideration

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Z.K. Marine Inc. v. M/V Archigetis, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (quotation omitted). "A motion for reconsideration should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made[.]" Id. "In order to reconsider a judgment there must be a reason why the court should reconsider its prior decision, and the moving party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Ass'n For Disabled Americans, Inc. v. Amoco Oil Co., 211 F.R.D. 457, 477 (S.D. Fla. 2002).

In denying Defendants' motions for sanctions, the Court reasoned as follows:

> The Court will deny the Motions for Sanctions for two reasons. First, Plaintiff voluntarily dismissed the two Defendants which have filed the instant Motions. See DE 25. Second, it appears that Plaintiff was the victim of a Ponzi scheme leading to the loss of a significant amount of money and his counsel is aggressively seeking to recoup some of his client's investment. That said, the Plaintiff is advised the Court will not hesitate to impose sanctions should Plaintiff file any frivolous pleadings in this action, including the imposition of any attorney's fees and costs incurred responding to such pleadings.

5

DE 40 at 2.

Both TCIIA and Mr. Trowbridge argue that Court failed "to address and apply the differing requirements of Florida Statutes § 57.105 and Florida Statutes § 772.104." DE 42 at 1. In addition, the parties argue that the Court relied on "impermissible factors" to deny sanctions. Id.

### 1. TCIIA

TCIIA's motion to dismiss was based largely on the argument that Plaintiff's claims against TCIIA were barred by the Foreign Sovereign Immunities Act ("FSIA"). Federal courts have frequently denied sanctions where a plaintiff's claim is precluded by FSIA, often with far less analysis than contained in this Court's two-page order. See, e.g., Fickling v. Commonwealth of Australia, 775 F. Supp. 66, 72 (E.D.N.Y. 1991); Petroleum & Energy Intelligence Weekly, Inc. v. Liscom, 762 F. Supp. 530, 535 (S.D.N.Y. 1989); Kline v. Kaneko, 685 F. Supp. 386, 393 (S.D.N.Y. 1988); Eastern Europe, Inc. v. Transportmaschinen Export-Import, 1988 U.S. Dist. LEXIS 14851, at *4 (S.D.N.Y. Dec. 30, 1988). Nonetheless, the Court will expand upon the two reasons set forth in Challenged Order.

First, Plaintiff voluntarily dismissed TCIIA. TCIIA argues that Plaintiff's dismissal was far from "voluntary" and sets forth the following time line:

> On December 28, 2009, TCIIA filed its Motion to Dismiss in this case. [DE 9]. TCIIA had also moved to dismiss in the state court on the same grounds. On December 31, 2009, TCIIA served Walker and his counsel with a copy of the Sanctions Motion. On January 22, 2010, TCIIA filed a notice that Walker had not responded to the Motion to Dismiss, had not filed a Civil RICO Statement and that both were past due [DE 17]. The Court then entered an order requiring Walker to show cause on or before January 29, 2010, why the Motion to Dismiss should not be granted. [DE 18]. Only at the last moment, on January 26, 2010, did Walker finally "respond" by dismissing his claims against TCIIA.

DE 42 n.6.  To be sure, Plaintiff did not immediately dismiss TCIIA after the jurisdictional defects were brought to Plaintiff's attention.  Nevertheless, Plaintiff did not challenge TCIIA's motion to dismiss unlike several of the cases cited above in which sanctions were denied.  See, e.g., Fickling, 775 F. Supp. 66; Liscom, 762 F. Supp. 530; Kline, 685 F. Supp. 386.  The Court also notes that during this same time period, Plaintiff was responding to two additional motions to dismiss filed by other defendants in the case.

All in all, while the timing of the voluntary dismissal of TCIIA does diminish the significance of this fact, it does not eliminate the voluntary dismissal as a consideration in the Court's analysis of whether sanctions are appropriate.  In particular, this consideration was relevant to the Court's analysis of whether Plaintiff's claims against TCIIA were brought for an improper purpose in violation of Rule 11(b)(1).  The Court concluded that Plaintiff's claims were not brought in bad faith and nothing contained within the instant Motions causes this Court to revise this determination.

Second, the Court stated that "it appears that Plaintiff was the victim of a Ponzi scheme leading to the loss of a significant amount of money and his counsel is aggressively seeking to recoup some of his client's investment."  DE 40 at 2.  As mentioned, Plaintiff alleges that he suffered "losses of approximately $2.4 million."  Complaint ¶ 49.  The Court's statement should not be taken to mean that any plaintiff who as suffered a significant financial loss can bring any and all claims without fear of sanctions.  And any implication along these lines is expressly rejected.  Nevertheless, the fact that the Plaintiff appears to be the victim of a complicated Ponzi scheme

distinguishes this case from a strike suit seeking a windfall or a frivolous claim concocted in order to harass a defendant.

While the Court acknowledges that TCIIA's purported connection to the Ponzi scheme is remote, the Court concludes that sanctions are not warranted under Rule 11 or Fla. Stat. § 57.105. Specifically, Plaintiff contended that TCIIA "encouraged investors" to invest in companies located in the Turks and Caicos and that TCIIA "did nothing to discourage investors from investing" in OLINT once its fraudulent activities came to light. See Complaint ¶ 28. Plaintiff further alleged that he relied on "Defendant's misrepresentations, which contained false representations and warranties that reasonably induced Plaintiff to 'invest' in OLINT." Id. ¶ 69.

As discussed, TCIIA's motion to dismiss argued that Plaintiff's claims should be dismissed on procedural grounds. With respect to the merits, the Court would have likely dismissed Plaintiff's novel claims against TCIIA. However, disagreement with Plaintiff's legal theory "alone cannot form a basis for sanctions under either Rule 11 or Section 57.105, particularly where there is a lack of developed case law with respect to the particular theory." Jelencovich v. Dodge Enters., 2010 U.S. Dist. LEXIS 9453, *2 (S.D. Fla. Jan. 8, 2010) (citing Laborers Local 938 Joint Health & Welfare Trust Fund v. B.R. Starnes Co. of Florida, 827 F.2d 1454, 1458 (11th Cir. 1987) ("Rule 11 is intended to deter frivolous suits, not to deter novel legal arguments or cases of first impression.")). In addition, the Court also finds that Plaintiff's claims were not "without substantial fact or legal support" so as to warrant sanctions under Fla. Stat. § 772.104. The Court rejects TCIIA's argument that Plaintiff's claims lacked substantial legal support because they were precluded by the FSIA. Exceptions for private or criminal

acts under the FSIA were not explored given Plaintiff's voluntary dismissal of TCIIA. Accordingly, TCIIA's motion for reconsideration will be denied.

### 2. Brian Trowbridge

The same reasoning set forth above applies to Plaintiff's claims against Mr. Trowbridge. In fact, Mr. Trowbridge's claim for sanctions is weaker than TCIIA's due to the fact that Mr. Trowbridge had a more substantial connection to Defendants Hallmark and OLINT. According to the Complaint, Trowbridge (1) served as "Director, CEO and Chairman of Hallmark;" and (2) "was paid over $300,000 for his dealings with OLINT." Complaint ¶¶ 20, 23. The Court did grant Hallmark's motion to dismiss, however, the Court did so without prejudice based on the exclusive venue provision contained within the Operating Agreement. See DE 41. Therefore, Mr. Trowbridge's motion for reconsideration will also be denied.

### III. CONCLUSION

In light of the foregoing, it is hereby **ORDERED AND ADJUDGED** that Defendant Turks & Caicos Islands Investment Agency's Motion for Reconsideration [DE 42] and Defendant Brian Trowbridge's Motion for Reconsideration [DE 46] are **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 17th day of August, 2010.

JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record